IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RANDY MARCELLO COOK,               )
                                   )
                    Plaintiff,     )
                                   )
        v.                         )    No.  08 C 4085
                                   )
C. DOWNS,                          )
                                   )
                    Defendant.     )

### MEMORANDUM ORDER

Randy Marcello Cook ("Cook") has tendered a Complaint
against correctional officer C. Downs, complaining of Downs'
assertedly gratuitous action in having sprayed Cook with mace
while Cook was on a bus transferring him between correctional
institutions.  Cook has accompanied the Complaint (in which he
has used the form supplied by this District Court's Clerk's
Office, with the relevant information as to his claim supplied
via handprinting) with two other forms also provided by the
Clerk's Office:  an In Forma Pauperis Application ("Application")
and a Motion for Appointment of Counsel ("Motion").

But what Cook's submissions do not disclose is that "Randy
Marcello Cook" is shown by records maintained by this District
Court's Staff Attorney Office to be Leroy Marcello Nash, who has
previously accumulated more than three "strikes" under 28 U.S.C.
§1915(g):  in Case No. 93-2117 in the Central District of
Illinois (dismissed Sept. 17, 1996) and three cases in this
District Court--01 C 1705, Cook v. Hosy and 01 C 1751, Cook v.

Godwin (both dismissed Apr. 10, 2001) and 02 C 2874, Cook v.

Brick (dismissed Apr. 24, 2002).  And that being the case, the

Application must be and is denied.  Accordingly, unless Cook-Nash

pays the $350 filing fee on or before August 22, 2008, both the

Complaint and this action will be dismissed for nonpayment of

that required filing fee.[1]

Milton I. Shadur
Senior United States District Judge

Date:   July 22, 2008

---

[1]  This ruling moots the additional deficiency in the
Application represented by Cook's failure to have tendered a
printout of his trust fund account for the six-month period
preceding the filing of the Complaint (see 28 U.S.C.
§1915(a)(2)), as to which Cook incorrectly states that a court
order is required to obtain such a printout.  It also makes it
unnecessary to address other deficiencies in the current filings:

1.  So far as the current filings are concerned, Cook
has failed to satisfy the precondition to any prisoner
lawsuit that "such administrative remedies as are available
are exhausted" (42 U.S.C. §1997e(a)).

2.  As for the Motion, which is of course denied as
moot, it omits the most relevant ingredient--a
representation as to Cook's efforts made to retain counsel
before seeking to enlist appointed counsel.

2